IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVIE A. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 24-885-JLH-LDH |
| v. | ) | |
| | ) | FILED |
| ANDREW PERUCHI, et al., | ) | |
| | ) | JUL 1 4 2026 |
| Defendants. | ) | |

U.S. DISTRICT COURT DISTRICT OF DELAWARE

ORDER AND REPORT AND RECOMMENDATION

*Pro se* Plaintiff Stevie A. Jones, an inmate incarcerated at the James T. Vaughn Correctional Center who has been granted leave to proceed *in forma pauperis* (D.I. 5), initiated this action under 42 U.S.C. § 1983 asserting a First Amendment retaliation claim. (D.I. 3). Pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim (D.I. 20) and Plaintiff's Motion to Issue Subpoena (D.I. 27).

For the following reasons, I recommend DENYING Defendants' motion. I further DENY Plaintiff's Motion to Issue Subpoena as premature and without prejudice to renew after the Defendants' answer Plaintiff's Amended Complaint and the Court enters a Scheduling Order.

I.    BACKGROUND

Plaintiff initiated this action asserting First Amendment retaliation claims against the Delaware Department of Corrections ("DDOC"), John Doe Defendants 1-4, and Andrew Peruchi. (*See generally* D.I. 3). He alleged that, because of Plaintiff's pending lawsuits against DDOC, Defendants denied Plaintiff visitation rights with his wife, denied Plaintiff opportunities to participate in work and rehabilitative programming, and frustrated his legal claims by impairing his ability to obtain discovery and by mishandling his legal documents. (*See generally* D.I. 3).

As part of screening the complaint pursuant to 28 U.S.C. §1915(e)(2)(B), the Court

1

terminated DDOC as a party to this action, authorized service, and ordered DDOC to identify the Doe Defendants. (D.I. 12). DDOC identified Staff Sergeant Dallas Johnson, Staff Lieutenant Chaise Payson, and Jessica Johnson. (D.I. 13). Plaintiff then filed a letter identifying Kitchen Supervisor Sheryl M. Morris as the remaining Doe defendant. (D.I. 14). After reviewing the parties' correspondence, the Court authorized service upon all five Defendants: Staff Sergeant Dallas Johnson, Kitchen Supervisor Sheryl M. Morris, Staff Lieutenant Chaise Payson, Jessica Johnson, and Andrew Peruchi. (D.I. 15). Defendants accepted service for Defendants Peruchi, D. Johnson, Payson, and J. Johnson, and they do not reference Morris. (D.I. 18).

Thereafter, Plaintiff moved to amend his Complaint and identified Johnson, Morris, Payson, Jessica, and Peruchi as defendants. (D.I. 16). While Plaintiff's motion was pending, Defendants moved to dismiss Plaintiff's Complaint and opposed his motion to amend. (D.I. 20). The Court granted Plaintiff's motion to amend, entered the Amended Complaint as the operative pleading subject to Defendants' pending motion to dismiss, and ordered Plaintiff to respond to the merits of Defendants' motion to dismiss. (D.I. 21). Plaintiff responded to the motion to dismiss (D.I. 22) and Defendants replied (D.I. 25).

Plaintiff then filed a Motion to Issue Subpoena (D.I. 27). Defendants responded by moving to stay discovery (D.I. 28), which this Court granted pending the outcome of Defendants' motion to dismiss (D.I. 29). This case was then referred to me. (D.I. 30).

## II.    LEGAL STANDARD

In reviewing a motion filed under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those

2

allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The complaint need not contain detailed factual allegations, but conclusory allegations and "formulaic recitation[s] of the elements of a cause of action" are insufficient to give the defendant fair notice of the nature of and grounds for the claim. *Twombly*, 550 U.S. at 555. The complaint must contain facts sufficient to show that a claim has "substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). While this plausibility standard requires more of the complaint than allegations supporting the mere possibility that the defendant is liable as alleged, plausibility should not be taken to mean probability. *Twombly*, 550 U.S. at 545. A claim is facially plausible, and the standard is satisfied, when the claim's factual allegations, accepted as true, allow the court to reasonably infer that the defendant is liable as alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 1948 (2009).

## III.   DISCUSSION

### A.  Motion to Dismiss

Defendants seek dismissal of Plaintiffs' Amended Complaint on multiple grounds.  None are availing.

To state a First Amendment retaliation claim, a plaintiff must allege facts to support that: (1) he engaged in constitutionally protected activity; (2) the government took adverse action against him; and (3) the adverse action was motivated by the protected activity. *George v. Rehiel*, 738 F.3d 562, 585 (3d Cir. 2013); *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).

Defendants first dispute whether they took any adverse employment action against Plaintiff, arguing that he was given a second interview for a prison kitchen job and if he were truly retaliated against then he would have been denied the job after the first interview.  (D.I. 20 at 7). Defendants also maintain that Plaintiff was, in any event, previously employed as a food cart worker.  (*Id.*)

"[T]he termination of prison employment constitutes adverse action sufficient to deter the exercise of First Amendment rights." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991)("[A prisoner] has no right to a job . . . [but] prison officials cannot punish [him for] exercising his first amendment rights by denying him certain job assignments or transferring him from one job to another")).

Here, Plaintiff asserts that he was stonewalled by Defendants after his first interview and, that after his second interview, Defendants refused to give Plaintiff any job because of his ongoing lawsuits against the DDOC. (D.I. 23 ¶¶ 24-26). Plaintiff alleges that he lost his job as a food cart worker when he transferred from one building to another in response to certain of his grievances against Defendants. (*Id.* ¶ 23 n.7). This is sufficient to state a claim at the motion to dismiss stage. *See Cordero v. Warren*, 612 F. App'x 650, 652 (3d Cir. 2015) (noting that second prong is "is an objective inquiry and ultimately a question of fact"). Put differently, to accept Defendants' argument that "[i]f Plaintiff were being retaliated against, it would make more sense he was denied the job outright and not interviewed twice before being denied the position" would impermissibly require me to infer the Amended Complaint in their favor. (*See, e.g.*, D.I. 25 ¶ 2).

Defendants next dispute causation, arguing that there is no temporal proximity between the timing of Plaintiff's lawsuit and any adverse action Defendants may have allegedly taken against him. (D.I. 20 at 5).

To survive a motion to dismiss, a plaintiff must allege facts to support a plausible inference that his constitutionally protected conduct was "a substantial or motivating factor" for the adverse action that she allegedly suffered. *See Rauser*, 241 F.3d at 333 (3d Cir. 2001) (quoting *Mount Healthy Bd. of Ed. v. Doyle*, 429 U.S. 274, 287 (1977)). Because "motivation is almost never subject to proof by direct evidence," an incarcerated plaintiff must typically "rely on circumstantial evidence to prove a retaliatory motive." *Watson*, 834 F.3d at 422. The plaintiff "can satisfy his

4

burden with evidence of either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." *Id.* (footnote omitted).

Here, Plaintiff pleads that twenty days after receiving correspondence with respect to an ongoing suit against DDOC, Defendants cancelled Plaintiff's visit with his wife because of Plaintiff's ongoing lawsuits. (D.I. 23 ¶¶ 16-20). He also pleads that shortly after he filed a grievance concerning the cancelled visit, Defendants transferred him to a different building and caused him to lose his job. (D.I. 23 ¶¶ 24-26). At this stage where I "accept[] as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom," Plaintiff has plausibly alleged causation. *Wisniewski*, 857 F.3d 157.

Next, Defendants argue that Plaintiff's betrothed relationship is not constitutionally protected and cannot form the basis of a freedom of association claim. (D.I. 20 at 6-7). But Plaintiff does not assert a First Amendment freedom of association claim alleging unconstitutional interference with an intimate relationship; he asserts a First Amendment retaliation claim. *cf. Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 432 (3d Cir. 2020) (distinguishing between freedom of association and First Amendment retaliation and explaining the right to freedom of association secures "a right to associate for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion" and protects an individual's right "to enter into and maintain certain intimate human relationships" which is "a fundamental element of personal liberty") (quoting *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984)). Thus, dismissal on this ground is not warranted.

Finally, Defendants argue that Plaintiff cannot sustain a First Amendment access to the courts claim because he has not plead its elements. (D.I. 20 at 9). Again, Plaintiff explains he is

not asserting such a claim; he asserts a First Amendment retaliation claim.  (D.I. 22 at 5); *cf. Obiegbu v. Werlinger*, 581 F. App'x 119, 122 (3d Cir. 2014) (distinguishing between First Amendment access to the courts claim and a retaliation claim where alleged retaliation included denial of "access to legal material and disrupted the processing of his grievance procedure"); *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (describing elements of access to courts claim). Thus, dismissal on this ground is not warranted.

Accordingly, I recommend denying Defendants' motion to dismiss.

### B.  Motion to Issue Subpoena

Having recommended denying Defendants' motion to dismiss, I lift the stay (D.I. 29) and order Defendants to answer Plaintiffs' Amended Complaint within 14 days of Judge Hall's adoption of the instant report and recommendation.  I deny Plaintiff's Motion to Issue Subpoena as premature and without prejudice to renew after the Defendants' answer and the Court enters a Scheduling Order.

## IV.   CONCLUSION

For the foregoing reasons, I recommend denying Defendants' motion to dismiss and I further deny Plaintiff's Motion to Issue Subpoena.

I further order Defendants to clarify whether they have agreed to waive service as to Defendant Sheryl M. Morris and whether counsel for Defendants represents her in this action. Defendants' submissions are inconsistent. (*Compare* D.I. 18, "Pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, the Delaware Department of Justice agrees on behalf of the defendants Andrew Peruchi, Staff Sergeant Dallas Johnson, Staff Lieutenant Chaise Payson, and Jessica Johnson to waive service of summons and complaint in this case."), *with* D.I. 28 ("COMES NOW, Defendants Andrew Peruchi, Staff Sergeant Dallas Johnson, Staff Lieutenant Chaise Payson, Sheryl M. Morris and Jessica Johnson ("Defendants"), by and through undersigned counsel,

hereby move the Court for an order staying Defendants' deadline to respond to discovery . . .").

Objections to this Order and Report and Recommendation may be filed within fourteen (14) days after being served with a copy of the Order and Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Objections are limited to seven (7) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

This Order and Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

Date: July 14, 2026

United States Magistrate Judge